IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CLEAN SMILE INC.; ANTON D. GLASSCO; and JEROME A. JAMES II; | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | No. 4:11CV00566 SWW |
| STATE OF ARKANSAS; MIKE BEEBE; GRANT TENNILLE; and PATRICIA NUNN BROWN; | * * * * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion to dismiss filed by the defendants to which plaintiffs responded. For the following reasons, the motion is granted.

According to the allegations of the complaint, Clean Smile, Inc. ("Clean Smile"), is a minority-owned corporation.[1] Plaintiff Anton D. Glassco is the chairman of the board of Clean Smile, and Jerome A. James II is the president. The corporation participates in a state-sponsored Minority Business Enterprise ("MBE") program. Clean Smile was developing new technology in the form of a fragrance automation system which had been presented to a number of companies, including General Motors. Am. Comp. at ¶ 10. When Clean Smile applied for annual re-certification in the MBE program, defendant Patricia Nunn Brown, Director of the Small and Minority Business Division of the Arkansas Economic Development Commission, requested

---

[1]The Court granted plaintiffs' motion for leave to amend their First Amended Complaint. The only change from the original complaint was the deletion of the corporation as a plaintiff. *See* docket entries 26 & 28.

information about Clean Smile's contact at General Motors.  After Clean Smile failed to provide the requested information, Brown refused to re-certify the company, which plaintiffs allege caused their potential product sale to General Motors to be placed on hold and allow other companies to move in with competing similar technology.  Plaintiffs claim Brown's treatment of them was based on their race in violation of federal law.  In addition to suing Brown in her official capacity, plaintiffs name the State of Arkansas, as well as Governor Mile Beebe, and Grant Tennille,[2] Interim Director of the Arkansas Economic Development Commission, in their official capacities.     Plaintiffs assert defendants violated Title VI of the Civil Rights Act of 1964,  42 U.S.C. 2000d, which prohibits racial discrimination in programs receiving federal funds, and 42 U.S.C. § 2000(b).  They also claim pursuant to 42 U.S.C. § 1983 that defendants violated their rights under federal law.  Defendants move for dismissal of the complaint, arguing plaintiffs lack standing and fail to state a claim for relief.  In addition, defendants assert they are entitled to sovereign immunity.

Without standing, there is no case or controversy under Article III of the Constitution. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing requires: (1) that the plaintiff have suffered an "injury in fact," that is, an invasion of a legally protected interest that is (a) concrete and personal and (b) actual and imminent, rather than hypothetical; (2) a causal connection between the injury and the complained-of conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560–61.   Because standing is a jurisdictional

---

[2]Plaintiffs sued Maria Luisa M. Haley, former Executive Director of the Arkansas Economic Development Commission, in her official capacity.  Defendants filed a suggestion of death of Haley and, pursuant to Fed.R.Civ.P. 25(d), Tennille is automatically substituted as a defendant in his official capacity.  The Court hereby directs the Clerk to substitute Grant Tennille in place of Haley as a party defendant in his official capacity only.

requirement, the plaintiff has the burden of establishing it. *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005).

"[A] corporate officer cannot maintain a personal action against a third party for harm caused to the corporation, unless the officer alleges a direct injury not derivative of the company's injury." *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 972 (8th Cir. 2008). *See also Jewell v. United States*, 548 F.3d 1168, 1173 (8th Cir. 2008). Plaintiffs allege they are "formally employed" by Clean Smile. They claim

> 15. PAT BROWN's refusal to recertify our MBE certification has placed a potential product sale to General Motors stagnate since we no longer hold the certification that started our five year sales process with General Motors.
>
> 16. As of today, Clean Smile, Inc. has still been denied recertification of its MBE status with the state of Arkansas and prevents us from doing future business without the ability to prove MBE status.
>
> 17. As of today, other companies have come out with similar combined control network automation technology due to inferior service and segregated treatment received from the Arkansas Economic Development Commission and Pat Brown.

First Am. Compl.

The Court finds plaintiffs fail to allege they suffered a direct injury not connected to the alleged discriminatory action against the corporation. Therefore, the Court lacks subject matter jurisdiction and has no authority to address the issues raised in plaintiffs' complaint.

IT IS THEREFORE ORDERED that plaintiffs' complaint is dismissed for lack of jurisdiction.

DATED this 10th day of November, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE